UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY NORTHINGTON #193035,

    Plaintiff,                                  Case No. 1:10-cv-424

v                                            HON. JANET T. NEFF

JIM ARMSTRONG et al.,

    Defendants.
_____/

**ORDER**

Pending before the Court is "Plaintiff's Ex Parte Motion to Restrain MDOC of Retaliatory Transfer from Mound Prison" (Dkt 23), requesting that the Court enter an order enjoining the Michigan Department of Corrections (MDOC) from transferring him from the Mound Correctional Facility. On October 27, 2010, the Magistrate Judge issued a Report and Recommendation (R & R) recommending that the motion be denied (R & R, Dkt 50). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Pl. Obj., Dkt 57). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Order.

In his objections, Plaintiff identifies no specific factual or legal errors in the Magistrate Judge's analysis. Rather, Plaintiff includes additional factual allegations and justifications for a restraining order that were not raised in the initial motion (Dkt 57 at 1-2), including that Plaintiff

has experienced such retaliation "hundreds of times" (*id.* at 2), and citations to cases to argue that "[i]t is a trait of MDOC to retaliate for a prisoner's exercise of First Amendment rights" (*id.* at 1).

Plaintiff's argument is without merit. Plaintiff's failure to raise these contentions before the Magistrate Judge waives his right to review.[1] However, even if not deemed waived, the additional allegations do not establish that Plaintiff is likely to suffer the alleged dire harm from an anticipated retaliatory transfer. The Magistrate Judge properly found that "Plaintiff has failed to demonstrate that he has (or will) suffer irreparable injury in the absence of the requested relief" (Dkt 50 at 2). Moreover, the cases cited by Plaintiff involved trials on the merits of retaliatory transfer claims after transfers had taken place, not the grant of injunctive relief. *See Siggers-El v. Barlow,* 433 F. Supp. 2d 811 (E.D. Mich. 2006); *Spruytte v. Hoffner,* 181 F. Supp. 2d 736 (W.D. Mich. 2001).

Nothing in Plaintiff's objections invalidates the findings of the Magistrate Judge. As such, the Court finds no error in the Magistrate Judge's analysis or conclusions.

For these reasons and because this action was filed *in forma pauperis*, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 210-11 (2007)).

**THEREFORE, IT IS ORDERED** that the objections (Dkt 57) are DENIED and the Report and Recommendation (Dkt 50) is APPROVED and ADOPTED as the Opinion of the Court.

---

[1] The Sixth Circuit has "indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver." *Glidden Co. v. Kinsella*, 386 Fed. App'x 535, 544 n.2 (6th Cir. 2010) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).

**IT IS FURTHER ORDERED** that the Ex Parte Motion to Restrain MDOC of Retaliatory Transfer from Mound Prison (Dkt 23) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith.


Date: February 16, 2011                     /s/ Janet T. Neff
                                            JANET T. NEFF
                                            United States District Judge