UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GARY NORTHINGTON,

       Plaintiff,                        Hon. Janet T. Neff

v.                                        Case No. 1:10 CV 424

JIM ARMSTRONG, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant Wood's Motion to Dismiss for Insufficient Service of Process</u>. (Dkt. #100). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **denied as moot**.

Because Plaintiff is not proceeding as a pauper in this matter, he is responsible for properly effecting service of the summons and complaint on Defendants. Plaintiff attempted to effect service on Defendant Woods by personally mailing him a copy of the summons and complaint via certified mail. As Defendant correctly observes, Federal Rule of Civil Procedure 4(c)(2) provides that service may be effected by "[a]ny person who is at least 18 years old and *not a party*." Defendant asserts that pursuant to this provision, Plaintiff is not permitted to effect service by personally mailing to a defendant a copy of the summons and complaint. *See*, *e.g.*, *Olson v. Federal Election Commission*, 256 F.R.D. 8, 10 (D.D.C. 2009) ("Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant. . .by mail"); *Khan v. Chevrolet*, 2010 WL 3270969 at *3 (E.D.N.C., Aug. 18, 2010) (pursuant to Rule 4(c)(2) "Plaintiff cannot personally mail the summons and amended complaint to Defendant's authorized agent for service"); *Sphouris v. Aurora Loan Services, LLC*, 2011 WL 768702

at *5 *(D. Nev., Feb. 28, 2011) (plaintiff's attempt to effect service by mail ineffective "because Rule 4(c)(2) requires service to be performed by a person 'not a party' to the litigation").

Defendant appears to be correct that Plaintiff's initial effort to serve the summons and complaint was ineffective. However, after filing the present motion Defendant Woods executed a "Waiver of the Service of Summons." (Dkt. #141, Exhibit A). The execution of this waiver renders moot, Defendant Woods' claim that service in this matter was insufficient.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant Wood's Motion to Dismiss for Insufficient Service of Process, (dkt. #100), be **denied as moot**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 5, 2011   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge