UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY M. NORTHINGTON,

    Plaintiff,

v

JIM ARMSTRONG, et al.,

    Defendants.

_____/

Case No. 1:10-cv-424

HON. JANET T. NEFF

## **OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 challenging the prison conditions under which Plaintiff is confined. Defendants Piazza, Wilson, and Correctional Medical Services (CMS) filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to state a claim on which relief could be granted (Dkt 84). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (Dkt 202) recommending that this Court grant in part, and deny in part, Defendants' motion. Specifically, the R & R recommended dismissing Plaintiff's claims against Defendants Wilson, CMS, and Piazza, except for Plaintiff's claim that in March 2009, May 2009, and June 2009, Defendant Piazza refused to issue a Special Accommodation to prevent further exposure to allergens.

    The matters before the Court are Plaintiff's (Dkt 224) and Defendant Piazza, D.O.'s (Dkt 222) Objections to the Magistrate Judge's R & R (Dkt 202). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo

consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

**I. Defendant Piazza's Objection**

Defendant objects to the Magistrate Judge's finding that Plaintiff properly stated a claim against Dr. Piazza for allegedly denying him a Special Accommodation thereby preventing Plaintiff from being exposed to allergens (Def.'s Obj., Dkt 222 at 3; R & R, Dkt 202 at 12). Defendant contends that Plaintiff's allegations against Dr. Piazza, "even if accepted as true, do not satisfy the subjective element to establish deliberate indifference pursuant to 42 U.S.C. § 1983" (Def.'s Obj., Dkt 222 at 3).

As Defendant notes, a prisoner advancing a claim under the Eighth Amendment "must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs" (*see* Def.'s Obj. at 5; *see also Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (citation omitted)). The deliberate indifference requirement of an Eighth Amendment claim contains an objective and a subjective component. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). The objective component requires a plaintiff to allege that "the medical need at issue is 'sufficiently serious.'" *Id.* (citation omitted). To satisfy the subjective requirement, a claimant must allege facts which, if true, would show the defendant had knowledge from which he could "infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* at 703.

Plaintiff alleges that in March, May and June of 2009, "Dr. Piazza said he should issue but refused to issue special accommodation" that would protect Plaintiff from exposure to allegedly harmful allergens (Pl.'s Second Amended Complaint (SAC), Dkt 15, ¶ 37) (emphasis omitted). Plaintiff elaborates on these allegations and implicates additional defendants (*id.* ¶ 37 a-e). Contrary

to Defendant's objection, these additional allegations do not preclude Dr. Piazza's liability. The Magistrate Judge properly decided Plaintiff's claims "raise a right for relief above the speculative level" (Dkt 202 at 12). *See Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 545 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level" on the assumption that all of the complaint's allegations are true). Plaintiff's allegation that Defendant Piazza knew he should accommodate Plaintiff's medical condition, but did not, is more than merely speculative and, the allegations—viewed in the light most favorable to Plaintiff—are sufficient to state a claim. Defendant's Objection (Dkt 222) is accordingly denied.

Plaintiff filed a Response (Dkt 234) to Defendant's Objection, which reiterated lengthy portions of his Second Amended Complaint,[1] but does not set out facts sufficient to maintain his claims the Magistrate Judge recommended dismissing. The Magistrate Judge properly determined that the only valid claim Plaintiff presented against Defendant Piazza is that "in March 2009, May 2009, and June 2009, Defendant Piazza refused to issue him a Special Accommodation to prevent further exposure to allergens" (R & R, Dkt 202 at 12).

## II. Plaintiff's Objections

A. Dismissal of Defendant Wilson

Plaintiff first objects to the Magistrate's Judge's decision to dismiss the claim against Defendant Wilson. Plaintiff again cites extensively to his Second Amended Complaint (Dkt 15), but still fails to allege facts to support his legal conclusion that Defendant Wilson violated his Constitutional rights. Plaintiff's objection that he inadvertently omitted Wilson's name from

---

[1] Plaintiff was denied leave to file a Third Amended Complaint *(see* Dkt 197). The references in Plaintiff's Objection to the language of the Third Amended Complaint are, therefore, irrelevant to his claims in this case.

paragraph 28 of his complaint is also unavailing. The Court cannot infer allegations against parties absent any reference (Pl.'s Obj., Dkt 224 at 7). Even if Wilson's name had been included in paragraph 28, it is unclear how her involvement in the health care "kite" allegations support Plaintiff's claim against her (Pl.'s SAC, Dkt 15 at 28). Plaintiff further contends that Wilson is a CMS employee and allegations referring to "CMS staff" and "medical staff" refer to Wilson as well (Pl.'s Obj., Dkt 224 at 7). This argument is misplaced because the Magistrate Judge already considered the contents of Plaintiff's second amended complaint and found that Plaintiff "failed to allege *any* facts to support these allegations" (R & R, Dkt 202 at 11) (emphasis in original). Plaintiff's objection is denied.

    B.  Plaintiff's "Objection to Defendant Piazza"

Plaintiff's objects to the Magistrate Judge's finding with regard to Defendant Piazza. To properly state an objection, a party has a "'duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (overruled in part on other grounds).

Though framed as an objection, Plaintiff merely states: "The numerous entries in the Complaint on Dr. Piazza and another are not claims, but only supporting facts to prove wrongful acts of other defendants. The only claim Plaintiff recalls is the refusal to isolate Plaintiff from life-threatening allergens" (Pl.'s Obj., Dkt 224 at 9) (internal citations omitted). These two sentences do not state an objection to any particular part of the R & R; as such, the Court denies this objection.

    C.  Dismissal of CMS as a Party

Plaintiff objects to the dismissal of CMS as a party. The Magistrate Judge determined that

the three factual allegations of wrongdoing Plaintiff made against CMS did not support a claim because the alleged wrongdoers were not CMS employees or under the control of CMS (R & R, Dkt 202 at 14). Plaintiff objects, stating "[v]icarious liability is not alleged against Defendant CMS but that CMS was the 'moving force' behind actions of other defendants" (Pl.'s Obj., Dkt 224 at 10). Plaintiff's reiteration of conclusory phrases does not set forth facts showing that CMS, its employees, or parties under its control "knew of or had knowledge of the alleged policy or that CMS approved of the allegedly illegal conduct" (R & R, Dkt 202 at 14). The Magistrate Judge correctly determined that Plaintiff "cannot have been injured 'because of' a CMS policy if nobody employed by or under the control of CMS is alleged to have committed a wrongful act" (R & R, Dkt 202 at 14). Plaintiff's last objection, therefore, is denied.

Therefore:

**IT IS HEREBY ORDERED** that Defendant Piazza, D.O.'s Objection (Dkt 222) and Plaintiff's Objection (Dkt 224) are DENIED.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (Dkt 202) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants Piazza, Wilson, and Correctional Medical Services, Inc.'s Motion to Dismiss (Dkt 84), is GRANTED IN PART and DENIED IN PART; Plaintiff's claims against Defendants CMS, Wilson, and Piazza are dismissed for failure to state a claim on which relief may be granted, except for Plaintiff's claim that in March 2009, May 2009,

and June 2009, Defendant Piazza refused to issue him a Special Accommodation to prevent further exposure to allergens.


Dated: July 27, 2011                              /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge