UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY M. NORTHINGTON,

        Plaintiff,                      Case No. 1:10-cv-424

v.                                         HON. JANET T. NEFF

JIM ARMSTRONG et al.,

        Defendants.
_____/

**OPINION AND ORDER**

      This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving numerous claims, including an Eighth Amendment claim for inhumane conditions of confinement and denial of medical care, and a retaliation claim. Defendants Ball and Filion filed a motion for summary judgment, arguing that Plaintiff could show no genuine issue of material fact with respect to Plaintiff's claims against them, and they were entitled to judgment as a matter of law. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (Dkt 200), recommending that this Court grant in part and deny in part, Defendants' motion. The matter is presently before the Court on Defendants' (Dkt 227) and Plaintiff's (Dkt 231) objections to the R & R. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

## I. DISCUSSION

### A. Defendant Ball's Objections

Defendant raises two objections to the R & R issued by the Magistrate Judge.

1. *Refusal to Fill Prescription*

First, Defendant objects to the Magistrate Judge's findings regarding Plaintiff's claim that "Defendant Ball 'ignored' a treatment directive by Defendant Piazza and refused to refill his antibiotic prescription" (Def.'s Obj., Dkt 227 at 2; R & R, Dkt 200 at 18). The Magistrate Judge found that Defendant's assertion in her affidavit that she "did not refuse refills for flagyl antibiotics" conflicted with Plaintiff's affidavit stating that Defendant Ball "was one of the medical personnel who refused to process Plaintiff's refill for Flagyl antibiotics" (*id.*). Defendant's objection counters that Plaintiff's "sole piece of evidence" supporting his claim is "his own self-serving affidavit" (Dkt 227 at 2).

The Magistrate Judge properly concluded that Defendant was not entitled to summary judgment since she failed to show the absence of a genuine dispute of material fact given the conflicting evidence (*id.*). To prevail on a motion for summary judgment, the moving party must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he Court views the evidence and draws all reasonable inferences in the light most favorable to the non-moving party." *Blackmore v. Kalamazoo Cnty.*, 390 F. 3d 890, 895 (6th Cir. 2004) (citing *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Magistrate Judge correctly determined that the conflicting affidavits establish a

dispute regarding a genuine issue of material fact in the context of this case.[1] The Court therefore denies Defendant Ball's objection.

2. *Qualified Immunity*

Next, Defendant objects to the Magistrate Judge's conclusion that Defendant Ball is not entitled to qualified immunity. The Magistrate Judge recommended that the Court deny Defendant Ball's request for qualified immunity because "any reasonable person would have understood that refusing to refill a medical prescription to treat a serious medical condition violated the Eighth Amendment" (R & R, Dkt 200 at 19, n.2). Defendant contends that Plaintiff has failed to bring forth sufficient evidentiary support to show that Defendant Ball's actions were objectively unreasonable (Dkt 227 at 4-5).

The Magistrate Judge properly found that "Defendant Ball's request for qualified immunity should be denied as to this claim …" (R & R, Dkt 200 at 18, n.2). Plaintiff avers that Defendant Ball refused to fill Plaintiff's prescription for Flagyl antibiotics as prescribed by his physician. (Dkt 164, Pl.'s Aff., ¶ 11). "[W]here a plaintiff's claims arise from an injury or illness 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention,' the plaintiff need not present verifying medical evidence to show that, even after receiving the delayed necessary treatment, his medical condition worsened or deteriorated. Instead, it is sufficient to show that he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame." *Blackmore*, 390 F. 3d at 899-900 (internal citations omitted). Accordingly, Defendant's objection is denied.

---

[1] In response to Defendant's objection that Plaintiff has provided no evidence of an unfilled prescription for Flagyl, Plaintiff has attached a copy of his prescription, pointing out that it states, "refill x one if diarrhea not resolved" (Pl.'s Resp. to Def.'s Obj., Dkt 238, Ex. A).

**B. Plaintiff's Objections**

1. *Defendants Ball and Filion on Medical Claims*

Plaintiff first objects to "Defendant Ball and Filion on Medical Claims." Plaintiff sets forth a lengthy recitation of his allegations and complains that "[t]he Magistrate abusively ignored facts … " and that the Magistrate Judge's report is "grossly biased" (Pl.'s Obj., Dkt 231 at 7-8). Plaintiff generally challenges the dismissal of any of his claims against Defendants. At the outset of her analysis, the Magistrate Judge endeavored to categorize Plaintiff's multitude of allegations for purposes of legal analysis, and properly determined that certain allegations failed to state viable legal claims. To the extent that Plaintiff objects to these determinations, his objections are without merit.

The Magistrate Judge decided that Plaintiff had stated a claim that he was denied medical treatment on July 28, 2008, August 31, 2008, and September 3, 2008 (R & R, Dkt 200 at 15). The Magistrate Judge further concluded that "Defendants Ball and Filion are both entitled to summary judgment as to these claims" (R & R, Dkt 200 at 18). The Magistrate Judge based this recommendation on Plaintiff's failure to produce evidence showing he "notified Defendant Ball or Filion that he was experiencing a severe medical condition necessitating treatment" on the days in question (*id.* at 17-18). The Magistrate Judge correctly decided that summary judgment should be granted in favor of Defendants Ball and Filion on this claim given the record evidence. Accordingly, Plaintiff's objection is denied.

2. *Ignorance of Diseases*

Plaintiff objects that the Magistrate Judge ignored that "Defendants Ball and Filion knew of danger of imminent further severe physical harm of [sic] death to Plaintiff" (Dkt 231 at 9). With

respect to Plaintiff's claims against Defendants based on medical care on July 28, 2008, August 31, 2008, and September 3, 2008, the Magistrate Judge recommended that the Court grant summary judgment for Defendants based on Plaintiff's failure to "produce evidence that on the dates in question, he [Plaintiff] notified Defendant Ball or Defendant Filion that he was experiencing a severe medical condition necessitating treatment" (Dkt 200 at 17-18). Plaintiff's objection does not advance any facts or argument that the Magistrate Judge has not considered and rejected under the appropriate legal standards. Plaintiff's objection is denied.

      3. *Emergency Care*

Next, Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted to Defendant Filion on the claim that he denied Plaintiff emergency care (nebulizer treatment) on December 5, 2009. Upon consideration of this claim, the Magistrate Judge determined that "the evidence reveals that Plaintiff received medical treatment. While Plaintiff may believe he should have received better care, allegations of negligence or malpractice do not implicate the Eighth Amendment" (R & R, Dkt 200 at 19) (citations omitted). The Magistrate Judge applied the appropriate legal standards and properly granted summary judgment of this claim given the record. Plaintiff's objection is denied.

      4. *Retaliation Claim*

Plaintiff next objects to the Magistrate Judge's denial of his retaliation claim, claiming that the Magistrate Judge ignored "retaliation facts" and that "[t]he denial of grievances and medical care, with falsehoods by Ball and Filion, detered [sic] Plaintiff from remedy to correct wrongs of medical care denials" and medical care (Dkt 231 at 16-17). As the Magistrate Judge set forth, a plaintiff's First Amendment retaliation claim must satisfy three elements: "(1) Plaintiff was engaged

5

in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of 'ordinary firmness' from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct" (R & R, Dkt 200 at 13-14) (citing *Thomas v. Eby,* 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999)).

The Magistrate Judge properly determined that Plaintiff's claim satisfied the first prong of the retaliation analysis, but failed to establish the final two (R & R, Dkt 200 at 14). Regarding Defendants' alleged adverse action—denying Plaintiff's grievances—the Magistrate Judge correctly noted that "the mere denial of grievances does not rise to the level of adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights." *Burgos v. Canino*, 641 F. Supp. 2d. 443, 455 (E.D. Pa. 2009). Plaintiff again refers to allegations in his second amended complaint, which the Magistrate Judge already considered and rejected under the proper legal standards. The Magistrate Judge properly concluded that Plaintiff's "'bare allegations of malice'" are insufficient to state a claim (R & R, Dkt 200 at 14) (quoting *Thaddeus-X*, 175 F.3d at 399 (citation omitted). Accordingly, Plaintiff's objection is denied.

　　5. *Eighth Amendment Claim*

Finally, Plaintiff objects to the Magistrate Judge's failure to grant relief on his Eighth Amendment claims based on the cumulative actions of all defendants for "exposure to unreasonably high levels of allergens" under the deliberate indifference standard (Dkt 231 at 18). This objection is general and addresses no specific aspect of the motion at issue or the R & R. The Court finds no legal basis for the requested relief, and the "objection" is therefore denied.

6

## II.  CONCLUSION

Accordingly, the Court adopts the Magistrate Judge's R & R and denies both Plaintiff and Defendant's objections.

Therefore:

**IT IS HEREBY ORDERED** that Defendant Ball's Objections (Dkt 227) and Plaintiff's Objection (Dkt 231) are DENIED, and the Report and Recommendation (Dkt 200) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 106) is GRANTED in part and DENIED in part; Plaintiff's claims against Defendant Filion are dismissed, and Plaintiff's claims against Defendant Ball are dismissed save for his claim that in August 2009, Defendant Ball refused to refill a prescription for antibiotics.


DATED: July 28, 2011               /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge