UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY M. NORTHINGTON,

    Plaintiff,

v

JIM ARMSTRONG et al.,

    Defendants.

_____/

Case No. 1:10-cv-424

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving numerous claims, including an Eighth Amendment claim for inhumane conditions of confinement and denial of medical care, and a retaliation claim. Defendants Caruso, Martin, Russell, and MDOC filed a "Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6)" (Dkt 103), arguing that Plaintiff failed to state claims against Defendants. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (Dkt 201), recommending that this Court grant in part and deny in part Defendants' motion. The matter is presently before the Court on both Defendants' (Dkt 228) and Plaintiff's (Dkt 237) objections to the R & R. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

## I. DISCUSSION

### A. Defendants' Objections

#### 1. *Defendant Caruso*

Defendant Caruso objects that the Magistrate Judge erred in recommending that Plaintiff's sleep deprivation claim against her should not be dismissed (Dkt 228 at 2). Defendant argues that "[t]he main reason that the magistrate judge erred is because the sleep deprivation claim against Defendant Caruso *is* a supervisory claim" (*id.*). Defendant contends that "[l]iability under § 1983 must be based on active unconstitutional behavior and cannot be based on 'a mere failure to act'" (*id.* at 2-3). Defendant argues that because she is the Director of the MDOC and is not in charge of its day-to-day operations, Plaintiff's claim against her for his sleep deprivation is not plausible and should be dismissed.

The Magistrate Judge considered Plaintiff's allegations in his Second Amended Complaint under the appropriate standards for a motion to dismiss. Taking all well-pleaded allegations as true, and viewing the allegations in a light most favorable to Plaintiff, the Magistrate Judge properly concluded that Plaintiff's sleep deprivation claim survived a motion to dismiss (*id.* at 15). Plaintiff "present[ed] evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" (*id.* (citing *Greene v. Bowles,* 361 F.3d 290, 294 (6th Cir. 2004) (citation omitted)). Likewise, based on the allegations, the Magistrate Judge properly concluded that Defendant Caruso was not entitled to qualified immunity as to this claim (*id.* at 15 n.2).

#### 2. *Defendant Martin*

Defendant Martin argues that the Magistrate Judge erred in recommending that Plaintiff be

allowed to proceed with his claim against Defendant Martin regarding medical care. The Magistrate Judge found that Plaintiff stated a claim with regard to (1) Defendant Martin's alleged failure to provide needed medical care to Plaintiff on July 28, 2008, August, 31, 2008, and September 3, 2008, and (2) Plaintiff's allegation that "Defendant Martin 'ignored' Defendant Piazza's treatment directives and refused to timely refill a prescription for antibiotics" (Dkt 201 at 18).

Defendant objects on the same grounds as discussed above with respect to Defendant Caruso, asserting that the claim against her is "an improper 'supervisory capacity' claim" because Defendant Martin is a "high level supervisory official, not a direct health care provider" (Dkt 228 at 3). For the same reasons discussed above, the Magistrate Judge properly concluded that "[w]hile less than artfully worded, these particular allegations satisfy the aforementioned standard and state a claim on which relief may be granted" (Dkt 201 at 18). Accordingly, the Court denies Defendant's objections.

### B.  Plaintiff's Objections

#### 1. *Dismissal of MDOC*

Plaintiff objects to the Magistrate Judge's recommendation that his claim against the MDOC be dismissed. Plaintiff argues that "MDOC's immunity is abrogated under 42 U.S.C. § 12201 of the ADA … " (Dkt 237 at 9). This argument, however, lacks merit. The Magistrate Judge correctly determined that "[t]he MDOC is not a person under 42 U.S.C. § 1983 . . ." (Dkt 201 at 11) (*see Parker v. Mich. Dep't of Corrs.*, 65 Fed. App'x 922, 923 (2003) ("We note, nonetheless, that the court properly found that the MDOC is not a 'person' within the meaning of 42 U.S.C. § 1983."). Plaintiff's claim against MDOC is contrary to decided law. Consequently, Plaintiff's objection is denied.

2. *Defendant Caruso*

Plaintiff objects to the dismissal of his various claims against Defendant Caruso, including those based on her position as a supervisory officer. The Magistrate Judge recommended dismissal of the failure-to-supervise claims against Defendant Caruso because Plaintiff's claims were not based on alleged "active unconstitutional behavior" (Dkt 201 at 12) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Plaintiff's objection contends that certain "edicts" issued by Defendant Caruso are not "'passive behavior or an alleged failure to act' but are 'active unconstitutional behavior'" (Dkt 237 at 10). The Magistrate Judge properly found that many of Plaintiff's allegations were nothing more than mere legal conclusions and that the allegations otherwise failed to state claims under the applicable standards. Having not raised any facts or argument not already considered by the Magistrate Judge, Plaintiff's objection is denied.

Plaintiff further objects to the Magistrate Judge's dismissal of his overcrowding claim against Defendant Caruso. The Magistrate Judge found that Plaintiff's statement that "Kinross Facility cells were too overcrowded" failed to state a claim against Defendant Caruso (Dkt 201 at 12 (citing Dkt 15 at ¶ 80)). As above, Plaintiff's objection adduces no new facts or argument supportive of his claim that Kinross was overcrowded. Accordingly, Plaintiff's objection is denied.

Plaintiff objects to the Magistrate Judge's recommendation to dismiss his claim that Defendant Caruso "pursued a policy to deny all prisoner grievances … "(Dkt 201 at 12; Dkt 237 at 13). Plaintiff asserts "about nine (9) grievances were trashed without processing by the Grievance Coordinator … " (Dkt 237 at 13) (citations omitted). The Magistrate Judge properly determined "[c]laims that a prison official denied or failed to properly respond to a grievance do not state a claim" (*id.*). Plaintiff's objection, therefore, is denied.

3.  *Objection to Dismissal of Defendant Russell*

Plaintiff objects to the Magistrate Judge's recommendation that his claim be dismissed with regard to Defendant Russell's alleged failure to supervise subordinate prison employees (Dkt 237 at 14). The Magistrate Judge correctly noted that "liability in a § 1983 action cannot be based upon a theory of respondeat superior or vicarious liability" (Dkt 201 at 16). Plaintiff objects, arguing "Russell's wrongful acts were largely enforcing customs, policies and practices in question on medical care, sleep deprivation, and grievance procedure … ." (Dkt 237 at 14). Plaintiff's objection states only legal conclusions the Magistrate Judge already determined lack merit.

Likewise, the Magistrate Judge properly determined that Plaintiff's allegations did not establish the elements of a First Amendment retaliation claim against Defendant Russell. Plaintiff has set forth no grounds for rejecting that conclusion. Plaintiff's objection to the dismissal of Defendant Russell is denied.

4.  *Objection to Dismissal of Defendant Martin*

Plaintiff raises two objections to dismissal of his claims against Defendant Martin. Plaintiff argues Defendant Martin is liable as a supervisor of prison employees, and for refusing to issue Plaintiff a Special Accommodation for his medical needs.

Regarding Defendant Martin's role as a supervisor, Plaintiff objects to dismissal of the claim "because involvement of Martin in the claim is active as policymaker 'Health Administrator' who issued edicts of custom, policy and practice that denied medical care, caused sleep deprivation and severe injury to Plaintiff" (Dkt 237 at 16) (citations omitted). As above, the Magistrate Judge properly noted that "liability in a § 1983 action cannot be based on a theory of respondeat superior

or vicarious liability" (Dkt 201 at 17-18). Plaintiff's objection reiterates legal conclusions the Magistrate Judge has already considered and rejected. Accordingly, the objection is denied.

Plaintiff objects to the Magistrate Judge's rejection of his claim that Defendant Martin "issued edicts upon which Dr. Piazza refused to issue a special accommodation to protect Plaintiff from torture and imminent death of severe allergic reaction . . . (Dkt 237 at 17)." The Magistrate Judge correctly noted that "Plaintiff has failed to allege that Defendant Martin acted with a 'sufficiently culpable state of mind'" to support a claim of deliberate indifference (Dkt 201 at 18). Plaintiff's objection states no new facts or argument not previously considered and rejected by the Magistrate Judge. Consequently, Plaintiff's objection is denied.

### 5. *Request for Declaratory Relief*

Plaintiff's final objection argues that the Magistrate Judge's recommendation improperly rejects Plaintiff's claims for declaratory relief (Dkt 237 at 18). The Declaratory Judgment Act provides that the Court "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought" (Dkt 201 at 19 (citing 28 U.S.C. § 2201 (emphasis added)). The Magistrate Judge properly concluded that such relief was not appropriate because Plaintiff merely seeks the Court's "opinion as to its interpretation of the policies in question" (Dkt 201 at 20). Though Plaintiff "believes he has a right to declaratory ruling on this policy," the Court agrees with the Magistrate Judge that declaratory relief is not proper in this case (Dkt 237 at 18). Plaintiff's objection is denied.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' Objections (Dkt 228) and Plaintiff's Objection (Dkt 237) are DENIED, and the Report and Recommendation (Dkt 201) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Dkt 103) is GRANTED in part and DENIED in part, as recommended:

Plaintiff's claims against Defendants MDOC and Russell are dismissed.

Plaintiff's claims against Defendant Caruso are dismissed save for his claim that on four occasions between April 5, 2009, and December 10, 2009, Defendant Caruso ignored Plaintiff's requests to alleviate the nightly sleep deprivation he was experiencing and which caused him to experience severe physical injury.

Plaintiff's claims against Defendant Martin are dismissed save for the following claims: (1) on July 28, 2008, August 31, 2008, and September 3, 2008, Defendant Martin, despite knowledge that Plaintiff was suffering from a serious medical condition, failed to secure for Plaintiff appropriate medical care; and (2) Defendant Martin "ignored" Defendant Piazza's treatment directives and refused to timely refill a prescription for antibiotics.


Dated:  August 11, 2011                    /s/ Janet T. Neff
                                           JANET T. NEFF
                                           United States District Judge