UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GARY NORTHINGTON,

     Plaintiff,                       Case No. 1:10-cv-424

v                                     HON. JANET T. NEFF

JIM ARMSTRONG, et al.,

     Defendant.

_____/


## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 alleging numerous claims against dozens of defendants, including Eighth Amendment claims for inhumane conditions of confinement and denial of medical care, and retaliation in violation of the First Amendment. Defendants Berghuis and Berlinger filed a motion for summary judgment, arguing that, applying the standard for a First Amendment retaliation claim, Plaintiff failed to establish that Defendant Berghuis took adverse action against him and failed to establish causation between the protected conduct and adverse action (Dkt 112 at 4-5). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendants' motion (Dkt 306).

The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 314). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation

to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff argues that the Magistrate Judge erred in relying on the false statements of Defendant Berghuis that Plaintiff was transferred from Brooks Correctional Facility (Brooks) as part of a trade with Kinross Correctional Facility (KCF), because Plaintiff was actually transferred to Straits Correctional Facility (KTF) (Dkt 314 at 2). Further, Plaintiff asserts that he has obtained new evidence that Defendant Berghuis and her administrative assistant prepared the transfer order, which is sufficient to prove a retaliatory transfer by Berghuis. Finally, Plaintiff enumerates his injuries resulting from the transfer including: loss of prison job, cost of new footlockers, increased distance from his wife, denial of effective medical care at the new prison, and "being moved into a prison that was 200% overcrowded with unreasonably high levels of allergens ..." (Dkt 314 at 4). With regard to Defendant Berlinger, Plaintiff seems to contend that the Magistrate Judge erred in failing to recognize that Defendant Berlinger's failure to process grievances by throwing them in the trash is active unconstitutional behavior (Dkt 314 at 5).

Plaintiff's objections concerning Defendant Berghuis fail to adequately address all prongs of the standard for First Amendment retaliation claims set forth by the Magistrate Judge (Dkt 306 at 11-14). Applying that standard, Plaintiff's claimed injuries still do not amount to the type of negative consequences sufficient to satisfy the exception for transfers in which "foreseeable, negative consequences 'inextricably follow' from the transfer." *Jones v. Caruso,* 421 Fed. App'x 550, 553 (quoting *Siggers-El v. Barlow*, 412 F.3d 693, 701-02 (6th Cir. 2005). However, even assuming that Plaintiff's claimed injuries resulting from the transfer constitute sufficiently negative consequences, and that these negative consequences "inextricably follow[ed] from the transfer" (Dkt

306 at 12-13), Plaintiff still fails to address, much less establish, whether Defendant Berghuis knew or should have known that such negative consequences would result from his transfer (Dkt 306 at 12-13).

Plaintiff correctly points out that there is an inaccuracy in the affidavit submitted by Defendant Berghuis concerning the prison to which Plaintiff was transferred.  The affidavit incorrectly states that Plaintiff was transferred to "KCF" but he was in fact transferred to "KTF," and the Report and Recommendation in part relies on the inaccurate affidavit to support the grant of summary judgment in concluding that Defendant had demonstrated that the action would have been taken, despite the protected activity.[1]  It appears to the Court that the inaccuracy may simply be a typographical error since Defendant's brief and the Report and Recommendation both acknowledge in the text that Plaintiff was transferred to KTF (Dkt 112 at 1-2; Dkt 306 at 2, 11).  To the extent that the Magistrate Judge relied on the incorrect affidavit, the analysis is technically incorrect and therefore rejected,[2] although it is substantively valid, presuming the affidavit error is merely typographical.  Further, Plaintiff's assertion that there was no MPRI program at LRF (Brooks) is irrelevant; Plaintiff disregards that according to the transfer order, the transfer involved a three-way trade between KTF, LRF-SCC and MTF, where there was an MPRI program (Dkt 112-2, P. ID 1200; *see also* Dkt 112 at 2).

---

[1]The Court likewise notes an apparent typographical error in Plaintiff's Objection on this point in that he states that he "was *not* transferred to KTF (Straits) not KCF (Kinross)" (Dkt 314 at 2, emphasis added).

[2]The Report and Recommendation is rejected in so much as it relies on the Berghuis Affidavit's reference to a transfer to "KCF" as opposed to "KTF" (Dkt 306 at 12-13).

In any event, because Plaintiff still fails to establish the other elements of a retaliatory transfer claim, the outcome remains the same.  As such, the Magistrate Judge properly recommended that the transfer in question be considered a *de minimis* incident of ordinary prison life, and not something that would deter a person of ordinary firmness from engaging in protected activity.

Plaintiff's objection regarding Defendant Berlinger suggests that the Magistrate Judge did not properly consider that "active" interference by Defendant Berlinger in Plaintiff's filing of grievances is different from the denial of grievances.  The Magistrate Judge properly determined that Plaintiff failed to adequately support his claim of "active unconstitutional behavior" beyond his "bare allegation of malice and legal conclusions" (Dkt 306 at 16).  Plaintiff's mere disagreement that his allegations are conclusory, and his reiteration that Berlinger's conduct was hostile, are insufficient to withstand Defendant's motion for summary judgment.  Plaintiff's objection is denied.

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt 314) are DENIED and the Report and Recommendation (Dkt 306) is APPROVED and ADOPTED as the Opinion of the Court, except as stated herein.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 111) is GRANTED.


Dated: January  9  , 2011                              /s/ Janet T. Neff
                                                       JANET T. NEFF
                                                       United States District Judge

4