UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY NORTHINGTON,

    Plaintiff,                                                Case No. 1:10-cv-424

v                                                                    HON. JANET T. NEFF

JIM ARMSTRONG et al.,

    Defendants.

_____/

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 alleging numerous claims against dozens of defendants, including Eighth Amendment claims for inhumane conditions of confinement and denial of medical care, and retaliation in violation of the First Amendment. Defendants Malloy, Stephenson, Jenkins, and Henson filed a motion for summary judgment arguing: (1) they did not deny Plaintiff medical care or violate any of Plaintiff's other Eighth Amendment rights; (2) they did not retaliate against Plaintiff; and (3) they are entitled to qualified immunity.

The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) on August 5, 2011 (Dkt 304), recommending that this Court grant in part and deny in part Defendants' Motion for Summary Judgment. Specifically, the Magistrate Judge recommended this Court: (1) grant the motion as to the alleged retaliation by all of the movants, (2) grant the motion as to Plaintiff's Eighth Amendment claim that Defendants Stephenson and Jenkins "refused to correct" the cancellation of doctor appointments in April and July 2009; (3) grant the motion as to Plaintiff's Eighth Amendment claims against Defendant Henson arising out of incidents occurring

on June 10, 2008 and July 2, 2008; and (4) deny the motion as to Plaintiff's remaining Eighth Amendment claims against Defendants Malloy,[1] Stephenson, Jenkins, and Henson.

The matter is presently before the Court on Plaintiff's and Defendants' objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies Defendants' objections, denies Plaintiff's objections, and issues this Opinion and Order.

## I. Defendants' Objections

Defendants assert that the Magistrate Judge erred in recommending that summary judgment be denied as to: (1) the Eighth Amendment medical claims against Defendants Malloy and Stephenson (Dkt 311 at 2); (2) the Eighth Amendment medical claims against Defendant Jenkins (*id.* at 4); and (3) the Eighth Amendment medical claims against Defendant Henson[2] (*id.* at 6). The Court denies Defendants' objections as specifically set forth below. The Magistrate Judge properly considered and rejected Defendants' arguments for summary judgment under the facts of this case, the evidence presented, and the applicable legal standards. Further, given the disputed record facts at this juncture of this case, Defendants' qualified immunity claims fail.[3]

---

[1] The Report and Recommendation incorrectly refers to Defendant Terry Malloy as "he," rather than "she."

[2] Defendants' objection in part incorrectly refers to Defendant Christine Henson as Defendant "Henkins."

[3] Plaintiff's voluminous and assorted allegations against dozens of defendants and the numerous miscellaneous pleadings have no doubt complicated the briefing and resolution of dispositive motions in this case. Since the issuance of the instant Report and Recommendation, the Magistrate Judge has entered a comprehensive Case Management Order (Dkt 345) specifically addressing discovery issues and motions for the expeditious resolution of the parties' claims and defenses.

**A. Eighth Amendment claims against Defendants Malloy and Stephenson**

Defendants Malloy and Stephenson argue that their involvement with Plaintiff was limited to allegedly receiving grievances or complaints from Plaintiff about his medical care at his prison. As liability under § 1983 cannot be premised on the mere failure to respond to complaints or grievances, as opposed to active unconstitutional behavior, Defendants argue that summary judgment is appropriate. Further, Defendants suggest that the kind of medical attention Plaintiff professes was required was outside the capabilities and job responsibilities of Defendants Malloy and Stephenson.

Defendants Malloy and Stephenson raise legitimate questions concerning the breadth of liability for prison personnel who have been informed by a prisoner of perceived medical needs. However, they fail to identify any relevant case law, or present any evidence undermining either part of the two-part Eighth Amendment analysis set forth by the Magistrate Judge (Dkt 304 at 12-13, 15-16). Accordingly, summary judgment was properly denied.

Defendants' objection suggests that the claims against them must be dismissed because they are based on the denial of a grievance. Defendants correctly state that a § 1983 claim generally cannot be premised on a defendant's mere denial of a grievance (Dkt 311 at 2). *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (reversing denial of summary judgment to prison officials whose only involvement was the denial of administrative remedies)). However, as set forth by the Magistrate Judge, the claims at issue are not based merely on the denial of grievances (R & R at 13, 15-16). The Magistrate Judge correctly concluded that summary judgment should be denied.

### B. Eighth Amendment Medical Claims against Defendant Jenkins

Defendant Jenkins argues that she cannot be held liable because "her main involvement was to respond to grievances that Plaintiff filed against other staff" (Dkt 311 at 4). Additionally, Defendant Jenkins argues she cannot be held liable in her supervisory capacity because allegations premised on respondeat superior are foreclosed in § 1983 actions (*id.*) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

This Court first notes that Defendant Jenkins' "main involvement" is distinctly separate from Defendant Jenkins' *exclusive* involvement. While Defendant Jenkins may have primarily been involved with Plaintiff in the grievance context, Plaintiff's allegations are premised on interactions outside of the grievance procedure (*see, e.g.,* Dkt 15 at ¶¶ 33 and 41). Defendants are again correct that a § 1983 claim cannot be premised on a defendant's mere denial of a grievance; however, Plaintiff's claims are not premised on such involvement.

Defendant also correctly states that § 1983 liability must be based on more than respondeat superior or the mere right to control employees (Dkt 311 at 4-5). However, as the Magistrate Judge observed, the allegations here involve Defendant Jenkins' failure to see that Plaintiff received proper medical care after being specifically informed of Plaintiff's health issues on three occasions, and Defendant Jenkins' refusal to timely refill Plaintiff's Flagyl antibiotics (Dkt 304 at 17, citing Dkt 15 at ¶¶ 33, 41). Defendant Jenkins provides no evidence negating these allegations. As such, the Magistrate Judge properly recommended that summary judgment be denied as to these two claims.

### C. Eighth Amendment Medical Claims against Defendant Henson

Defendant Henson argues that the Magistrate Judge's recommendation to allow claims

4

regarding the alleged cancellation of appointments to continue against Defendant Henson was erroneous because "Plaintiff failed to submit any evidence in support of this claim" (Dkt 311 at 6).

As the Magistrate Judge correctly states, "[s]ummary judgment 'shall' be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law'" (Dkt 304 at 9) (quoting FED. R. CIV. P. 56(a)). Defendant correctly identifies the nonmoving party's burden (Dkt 311 at 6-7). However, as the Magistrate Judge stated, the nonmoving party's burden is triggered "[o]nce the moving party demonstrates that 'there is an absence of evidence to support the nonmoving party's case'" (Dkt 304 at 9) (quoting *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324)). Here, Defendant Henson offered no evidence to refute the allegations in Plaintiff's verified complaint and thus failed to trigger the nonmoving party's burden. The Magistrate Judge properly recommended that summary judgment be denied as to this claim.

## II. Plaintiff's Objection

Plaintiff's Objection seems to consist of his dissatisfaction with the Magistrate Judge's summary of the *factual*[4] allegations in Plaintiff's Second Amended Complaint. Plaintiff fails to identify any legal error by the Magistrate Judge.[5] As such, Plaintiff's Objection is denied.

---

[4]The Magistrate Judge notes that the Court has disregarded the numerous legal conclusions articulated by Plaintiff in his Amended Complaint, "as well as the great many generalized factual allegations directed at no particular individual or entity" (Dkt 304 at 1).

[5]To the extent that Plaintiff has filed his objection with the purpose of obtaining an order from this Court for another (Third) Amended Complaint (Obj. at 4), his request is improper and is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Defendants' Objections (Dkt 311) are DENIED

**IT IS FURTHER ORDERED** that the Plaintiff's Objection (Dkt 313) is DENIED.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt 304) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 176) is GRANTED IN PART and DENIED IN PART, as follows: (1) Defendants Malloy, Stephenson, Jenkins, and Henson are GRANTED summary judgment on Plaintiff's various retaliation claims; (2) Defendants Stephenson and Jenkins are GRANTED summary judgment on Plaintiff's Eighth Amendment claim that they "refused to correct" the cancellation of doctor appointments in April and July 2009; and (3) Defendant Henson is GRANTED summary judgment on Plaintiff's Eighth Amendment claims arising out of incidents occurring on June 10, 2008, and July 2, 2008; summary judgment is DENIED as to Plaintiff's remaining Eighth Amendment claims asserted against Defendants Malloy, Stephenson, Jenkins, and Henson.

Dated: March  8 , 2012               /s/ Janet T. Neff
                                     JANET T. NEFF
                                     United States District Judge