UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GARY NORTHINGTON,

    Plaintiff,       Hon. Janet T. Neff

v.               Case No. 1:10 CV 424

JIM ARMSTRONG, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

    This matter is before the Court on <u>Defendant Barclay's Motion to Dismiss Complaint</u>. (Dkt. #443). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **denied**.


## **BACKGROUND**

    Plaintiff initiated this action on April 30, 2010, against the Michigan Department of Corrections (MDOC), Correctional Medical Services (CMS), Prison Health Services (PHS), various "unknown parties," and 42 individuals, including prisoners Guy Portes and Kamania Barclay. In his sixty-four (64) page certified Second Amended Complaint, Plaintiff asserts numerous claims involving various allegations occurring over a three year period. Specifically, as to Defendant Barclay, Plaintiff alleges the following. To avoid confusion, Plaintiff's allegations are outlined in the same manner as in his Second Amended Complaint.

A.    Allegation IV

On November 14, 2008, Plaintiff was involuntarily moved into a "common cell" with two other inmates, Defendants Barclay and Portes.  Plaintiff was moved in retaliation for "filing grievances and complaints."  From November 14, 2008, through, December 23, 2009, Defendants Barclay and Portes knowingly and deliberately "exposed Plaintiff to allergens" causing Plaintiff's condition to worsen.  Defendants Barclay and Portes also "would stay awake and create loud noises" at night to prevent Plaintiff from sleeping.  Defendants Armstrong, Caruso, Harrington, Harwood, Isard, LaLonde, Mackie, Olson, Sibbald, and Woods were informed of the "unnecessary night-time noises and disturbances being caused by Defendants Barclay and Portes," but "took no action."  The conduct by Defendants Barclay and Portes was "orchestrated" by unknown officials of the Michigan State Police.  On several occasions, Plaintiff requested to be moved to another cell, but his requests were denied by Defendants Harrington, Harwood, Isard, LaLonde, Mackie, Olson, and Woods.

B.    Allegation VIII

Plaintiff is a "suspect" in an "ongoing criminal investigation."  When questioned on this matter, Plaintiff "continually asserts his right to remain silent."  In response, Defendants Armstrong, Barclay, Isard, Newman, Portes, and Woods "subjected Plaintiff to sleep deprivation, threats on his life and well-being, assaults and demanded incriminating responses. . .with the intent to deprive Plaintiff of his right to remain silent and [right to] counsel in the ongoing investigation."

Defendant Barclay now moves to dismiss Plaintiff's complaint on several grounds, each of which is examined below.  Plaintiff has filed a response in opposition to Defendant's motion.

## ANALYSIS

**I.        Insufficient Service of Process**

Defendant Barclay first asserts that Plaintiff's complaint must be dismissed for "lack of service of process." Defendant fails to articulate the basis for this particular argument and, likewise, has submitted no evidence or documentary support to advance such.

On the subject of proper service of process, the Federal Rules of Civil Procedure provide that service may be accomplished by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2). The Rules further provide, in relevant part, as follows:

> Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed[1] - may be served in a judicial district of the United States by:
>
> (1)        following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)        doing any of the following:
>
>> (A)        delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B)        leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C)        delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

---

[1] The Court is aware of no federal law that "provides otherwise" in this instance. Moreover, there is no indication that Defendant is a minor or incompetent or has filed a waiver of service.

Under Michigan law, "[s]ervice of process may be made upon an individual by leaving a summons and a copy of the complaint with the defendant personally." Mich. Comp. Laws § 600.1912. However, if the defendant resides "in a governmental institution. . .the service of process shall be made by the person in charge of such institution or by some member of his staff." Mich. Comp. Laws § 600.1908; *see also*, Mich. Court Rule 2.103(C). Linda Wittman, Manager of the Michigan Department of Corrections' Litigation Section, Office of Legal Affairs, has indicated that to effect service pursuant to these provisions, Plaintiff can accomplish service of a prisoner-defendant by mailing the summons and complaint to the warden of the appropriate facility, after which "service will be made on each of the prisoners by the appropriate Warden or Warden's designee at each facility." (Dkt. #399, Exhibit A).

Evidence submitted by Plaintiff indicates that he complied with the aforementioned rules and directives. (Dkt. #501, Exhibit A). On the other hand, Defendant Barclay offers neither evidence nor argument that Plaintiff's attempts to effect service of the summons and complaint were insufficient or improper. In sum, Defendant Barclay has failed to satisfy his burden of demonstrating that he was not properly served with a copy of the summons and complaint in this matter. Accordingly, the undersigned recommends that this aspect of Defendant's motion be denied.

## II.        Failure to State a Claim

Defendant Barclay next argues that Plaintiff's claims must be dismissed for failure to state a claim on which relief may be granted. A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court recently stated, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

As detailed above, Plaintiff alleges that Defendant Barclay, acting in concert with prison officials, deliberately exposed him to harmful allergens, acted to deprive him of sleep for lengthy periods

of time, and subjected him to physical threats.  Such allegations clearly state a claim on which relief may be granted.  The undersigned, therefore, recommends that this aspect of Defendant's motion be **denied**.


**III.**        **Lack of Subject Matter Jurisdiction and Improper Venue**

Finally, Defendant argues that Plaintiff's complaint must be dismissed on the grounds that the Court lacks jurisdiction over the subject matter of Plaintiff's claims and venue is improper in this Court.

Plaintiff's action is brought pursuant to 42 U.S.C. § 1983 and alleges violations of Plaintiff's constitutional rights.  Plaintiff also alleges various state law causes of action arising from the same facts and circumstances.  This Court has subject matter jurisdiction over such claims.  *See, e.g., Hunter v. Hamilton County Board of Elections*, 635 F.3d 219, 232 (6th Cir. 2011); *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 511 (6th Cir. 2010).  As to venue, a plaintiff can assert an action in the judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391.  Because a "substantial part of the events or omissions giving rise to" Plaintiff's claims occurred within the Western District of Michigan, venue is proper in this Court.  Accordingly, the undersigned recommends that this aspect of Defendant's motion be **denied**.


**<u>CONCLUSION</u>**

For the reasons articulated herein, the undersigned recommends that <u>Defendant Barclay's Motion to Dismiss Complaint</u>, (dkt. #443), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 26, 2012

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge