UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GARY NORTHINGTON,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                                   Case No. 1:10 CV 424

JIM ARMSTRONG, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default. (Dkt. #501). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied without prejudice**.

Plaintiff initiated this action on April 30, 2010, against the Michigan Department of Corrections (MDOC), Correctional Medical Services (CMS), Prison Health Services (PHS), various "unknown parties," and 42 individuals, including prisoners Guy Portes and Kamania Barclay. Plaintiff alleges that Defendants Portes and Barclay, acting in concert with prison officials, deliberately exposed him to harmful allergens, acted to deprive him of sleep for lengthy periods of time, and subjected him to physical threats. Service of the summons and complaint *appears* to have been effected on Defendants Portes and Barclay on or about April 26, 2012. Defendant Portes has not since appeared or otherwise participated in this matter.[1] Plaintiff now moves for entry of default against Defendant Portes.

---

[1] Defendant Portes did file a motion to dismiss on June 20, 2011, (dkt. #265), which was denied on December 20, 2011, (dkt. #343).

An evaluation of Plaintiff's motion for default first requires some understanding of the apparent difficulty Plaintiff experienced effecting service of the summons and complaint on Defendants Portes and Barclay. Because Plaintiff is not proceeding as a pauper in this matter, he is responsible for effecting service on those against whom this action is asserted. While Plaintiff apparently attempted on more than one occasion to effect service on Defendants Barclay and Portes, such attempts did not appear to be successful.

When challenged about the matter, prison officials asserted that Plaintiff had repeatedly failed to comply with the relevant procedures to properly effect service on a prisoner-defendant. Plaintiff, not surprisingly, asserted that he had, in fact, complied with such procedures but that his efforts were being thwarted by prison officials. Unable to resolve the apparent factual dispute as to whether Plaintiff had complied with the necessary procedures to effect service on Defendants Barclay and Portes, the Court, on March 29, 2012, ordered the Attorney General "to submit to the Court and to Plaintiff a detailed, step-by-step description of the necessary and sufficient measures which Plaintiff must accomplish to properly effect service on the prisoner defendants." (Dkt. #391). The Attorney General subsequently submitted an affidavit executed by Linda Wittman, Manager of the Michigan Department of Corrections' Litigation Section, Office of Legal Affairs, describing for Plaintiff the procedure for effecting service on Defendants Barclay and Porter.

As discussed below, while Plaintiff appears to have complied with the directions provided by Ms. Wittman, Plaintiff has nevertheless failed to properly demonstrate that such is the case. Accordingly, Plaintiff is not entitled, at this juncture, to entry of default against Defendant Portes. This particular shortcoming can, however, be remedied after which Plaintiff can again move for entry of default against Defendant Portes.

On the subject of proper service of process, the Federal Rules of Civil Procedure provide that service may be accomplished by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2). The Rules further provide, in relevant part, as follows:

> Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed[2] - may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under Michigan law, "[s]ervice of process may be made upon an individual by leaving a summons and a copy of the complaint with the defendant personally." Mich. Comp. Laws § 600.1912. However, if the defendant resides "in a governmental institution. . .the service of process shall be made by the person in charge of such institution or by some member of his staff." Mich. Comp. Laws § 600.1908; *see also*, Mich. Court Rule 2.103(C). The Court interprets these provisions as essentially

---

[2] The Court is aware of no federal law that "provides otherwise" in this instance. Moreover, there is no indication that Defendant Portes is a minor or incompetent or has filed a waiver of service.

permitting Plaintiff to enlist the Warden (or his or her designee) as his agent to effect personal service on a prisoner-defendant residing within the facility which the Warden manages. This interpretation is consistent with the instructions provided by Linda Wittman.

In her affidavit, Wittman asserted that Plaintiff can properly effect service of process on a prisoner-defendant by mailing the summons and complaint to the warden of the appropriate facility, after which "service will be made on each of the prisoners by the appropriate Warden or Warden's designee at each facility." (Dkt. #399, Exhibit A). Wittman also provided Plaintiff with the addresses of the facilities in which Defendants Barclay and Portes resided, as well as the name of the Warden at each facility. (Dkt. #399, Exhibit A).

Evidence submitted by Plaintiff certainly suggests that he complied with the aforementioned rules and directives. (Dkt. #501, Exhibit A). Specifically, it appears that on or about April 26, 2012, Plaintiff (or somebody acting at his behest) mailed (by certified mail) copies of the summons and complaint to the Warden of the facilities at which Defendants Portes and Barclay were then housed. However, the Federal Rules of Civil Procedure further require that a party sufficiently demonstrate that service of process was properly effected. Fed. R. Civ. P. 4(l). Specifically, this Rule provides that "[u]nless service is waived, proof of service must be made to the Court." Where service is not effected "by a United States marshal or deputy marshal, proof must be by the server's affidavit." *Id.* In the present circumstances, the Court finds that a properly executed affidavit by the individual who effected the aforementioned mailings (to the Warden of the facilities in which Defendants Portes and Barclay were then housed) is sufficient. There is no indication in the record, however, that Plaintiff has submitted any such affidavit or other acceptable proof that he has properly effected service on Defendants Portes or Barclay. Because Plaintiff has failed to properly demonstrate that he has effected

service on Defendants Portes or Barclay, he is not currently entitled to the entry of default as to Defendant Portes. Plaintiff can correct this shortcoming, however, after which he can again move for entry of default as to Defendant Portes.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Default, (dkt. #501), be **denied without prejudice**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 26, 2012 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge