UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY M. NORTHINGTON,

    Plaintiff,

v

JIM ARMSTRONG, et al.,

    Defendants.

_____/

Case No. 1:10-cv-424

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 alleging various claims against numerous defendants, including Eighth Amendment claims for inhumane conditions of confinement and denial of medical care, and retaliation in violation of the First Amendment. Defendant Richard Piazza filed a motion for summary judgment, arguing that because Plaintiff has failed to provide sufficient evidence to support his Eighth Amendment claim against Defendant Piazza, "no reasonable jury could find in favor of Plaintiff" (Dkt 406 at 2).  Defendants Prison Health Services (PHS), Ramesh Kilaru, M.D., and Mike Millette also filed a motion for summary judgment, similarly asserting that Plaintiff has failed to adequately support his First and Eighth Amendment claims against them (Dkt 412).  The matter was referred to the Magistrate Judge, who issued two separate Reports and Recommendations, recommending that this Court grant Defendants' motions (Dkt 533; Dkt 534).

The matter is presently before the Court on Plaintiff's objections to the Reports and Recommendations (Dkt 542).  The Court further considers Defendants' Response to Plaintiff's

Objections (Dkt 546). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

As the Magistrate Judge correctly stated in the R & R, "[s]ummary judgment 'shall' be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law'" (Dkt 534 at 4) (quoting FED. R. CIV. P. 56(a)). When the moving party has demonstrated that "'there is an absence of evidence to support the nonmoving party's case,'" the nonmoving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (citations omitted). In order to survive a motion for summary judgment, a nonmoving party "'may not rest upon [his] mere allegations,'" but instead must present "'significant probative evidence' to show that 'there is [more than] some metaphysical doubt as to the material facts'" (*see* R & R, Dkt 534 at 5). *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted)).

In this case, Plaintiff alleges that all Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. He further alleges that Defendants Kilaru and Millette unlawfully retaliated against him in violation of the First Amendment. In analyzing Plaintiff's objections to the Report and Recommendation under the summary judgment standard, the Court will first consider Plaintiff's claims against Defendant PHS. The Court will then separately consider Plaintiff's allegations under the First and Eighth Amendments. For the reasons stated herein,

Plaintiff's claims against all Defendants fail to "demonstrate a genuine issue for trial" and Defendants' motions for summary judgment are granted. *See Amini*, 440 F.3d at 357.

### I. Plaintiff's Claims Against Defendant Prison Health Services

The Magistrate Judge correctly stated that "PHS is not vicariously liable for the actions of its employees and, therefore, 'may not be sued under § 1983 for an injury inflicted solely by its employees or agents'" (R & R, Dkt 534 at 6) (quoting *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). Consequently, "[t]o establish liability against PHS, Plaintiff must demonstrate that he suffered a violation of his federal rights 'because of' a PHS policy, practice, or custom" (*id.*) (quoting *Thomas*, 398 F.3d at 429). As the Magistrate Judge properly determined in the R & R, "Plaintiff has presented no evidence that, even if believed, would establish that he suffered a violation of his federal rights 'because of' a PHS policy, practice, or custom" (*id.* at 7) (quoting *Thomas,* 398 F.3d at 429). Furthermore, Plaintiff's objections fail to identify any specific PHS policy that has caused him to suffer a particular injury. Instead, Plaintiff makes the vague, unsubstantiated objection that "Defendant PHS has [a] custom to treat … 'rather than cure the disease'" (Obj., Dkt 542 at 36). Because Plaintiff is relying merely on his unsupported allegation of a PHS "custom," rather than presenting appropriate "probative evidence" to support his assertion, he has failed to "demonstrate a genuine issue for trial" with respect to his claims against PHS. *See Pack*, 434 F.3d at 813-14. Accordingly, Plaintiff's objection is without merit, and Defendant PHS's motion for summary judgment is granted.

### II. Plaintiff's First Amendment Claims

To prevail on a claim of retaliation under the First Amendment, Plaintiff must show that "(1) he engaged in protected conduct; (2) the defendant took an adverse action against him 'that would

3

deter a person of ordinary firmness from continuing to engage in that conduct'; and (3) that the adverse action was taken (at least in part) because of the protected conduct" (*see* R & R, Dkt 534 at 10). *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). In the R & R, the Magistrate Judge properly observed that a prisoner's First Amendment claim based on an allegedly retaliatory transfer "ordinarily should be characterized as *de minimis* and dismissed at the summary judgment stage" because a transfer to another prison generally "does not constitute an adverse action since a transfer is merely an ordinary incident to prison life" (R & R, Dkt 534 at 10) (quoting *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011)). Furthermore, the Magistrate Judge correctly stated that "'bare allegations of malice' are insufficient to state a [First Amendment claim], as Plaintiff must instead establish 'that his protected conduct was a motivating factor' behind the allegedly retaliatory action taken" (R & R, Dkt 534 at 12) (quoting *Thaddeus-X*, 175 F.3d at 399) (citations omitted).

With respect to Plaintiff's First Amendment claim against Defendant Millette for an allegedly retaliatory transfer, the Magistrate Judge correctly determined that "Plaintiff has failed to establish that he suffered any adverse action as a result of the challenged transfer or that the decision to transfer him was in any way motivated by any protected conduct in which he might have engaged" (R & R, Dkt 534 at 12). Regarding Plaintiff's claim against Defendant Kilaru, the Magistrate Judge further properly determined that Plaintiff "has failed to present any evidence that his protected conduct was a 'motivating factor' behind the alleged retaliatory action taken" (*id.* at 14). Because Plaintiff has failed to object to the Magistrate Judge's determinations in this regard, and because Plaintiff has failed to provide any evidence to contradict Defendants Millete and Kilaru's sworn statements that they did not take retaliatory action against Plaintiff (*id.* at 12, 14),

he has failed to "demonstrate a genuine issue for trial." *Amini* 440 F.3d at 357. Accordingly, Plaintiff's objections are without merit, and Defendants' motions for summary judgment with respect to Plaintiff's First Amendment claims are granted.

### III. Plaintiff's Eighth Amendment Claims

The prohibition of cruel and unusual punishment under the Eighth Amendment "protects against unnecessary and wanton infliction of pain, the existence of which is evidenced by the 'deliberate indifference' to an inmate's 'serious medical needs'" (R & R, Dkt 534 at 7) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976)). Therefore, to implicate the Eighth Amendment, Plaintiff must show a serious medical need: "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Furthermore, Plaintiff "must present evidence from which a trier of fact could conclude 'that [Defendants were] subjectively aware of the risk [to Plaintiff's health]' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). If Plaintiff "simply disagrees with the treatment he received, or asserts that he received negligent care, [Defendants are] entitled to summary judgment" (R & R, Dkt 533 at 8; R & R, Dkt 534 at 8) (citing *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)).

With respect to Plaintiff's Eighth Amendment claims against Defendants Piazza, Millette, and Kilaru, the Magistrate Judge correctly determined that the evidentiary support submitted by Plaintiff fails to meet the standard necessary to survive Defendants' motions for summary judgment (R & R, Dkt 533 at 10-11; R & R, Dkt 534 at 9, 14). In her thorough analysis of Plaintiff's claim,

the Magistrate Judge cites the medical records and sworn affidavits submitted by each of the three defendants that support their decisions in treating Plaintiff based upon their evaluations of his symptoms (R & R, Dkt 533 at 9-10; R & R, Dkt 534 at 9, 13-14). Although Plaintiff objects to portions of each of the medical records and affidavits submitted by Defendants, none of his arguments amount to anything more than him "simply disagree[ing] with the treatment he received"[1] (*see* R & R, Dkt 533 at 8; R & R, Dkt 534 at 8). Plaintiff's objections further include unsubstantiated accusations and legal conclusions which fail to "demonstrate a genuine issue for trial."[2] *Amini*, 440 F.3d at 357. Accordingly, Plaintiff's objections to the R & R are without merit, and Defendants' motions for summary judgment with respect to Plaintiff's Eighth Amendment claim are granted.

### IV. Certificate of Appealability

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

---

[1] For example, Plaintiff asserts that "Dr. Piazza and the R & R ignore the respiratory disease is mostly nocturnal so it rarely occurred in Piazza's office" (Dkt 542 at 30). Plaintiff further asserts that "Defendant Millette[] refus[ed] to provide care for the exposure to unreasonably high level of allergens" (Dkt 542 at 37).

[2] For example, Plaintiff alleges that "[Defendant] Kilaru was deliberately indifferent to the serious medical need" (Dkt 542 at 41).

**IT IS HEREBY ORDERED** that the Objections (Dkt 542) are DENIED and the Report and Recommendations (Dkt 533; Dkt 534) are APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment (Dkt 406; Dkt 412) are GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Order would not be taken in good faith.


Dated: March 13, 2013         /s/ Janet T. Neff
                              JANET T. NEFF
                              United States District Judge